**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND**

IN RE:

**APPALACHIAN FUELS, LLC**                              **CASE NO. 09-10343**

**THE LIQUIDATING TRUSTEE OF APP FUELS CREDITOR TRUST**        **PLAINTIFF**

**v.**                                                  **ADV. NO. 11-1003**

**BOWIE RESOURCES, LLC** *et al.*                       **DEFENDANTS**

**<u>MEMORANDUM OPINION</u>**

The issue presented in the Bingham Greenebaum Doll LLP[1] motion for summary judgment (Doc. 40) is whether the defense of a good faith transferee is a complete bar to liability for the causes of action alleged by The Liquidating Trustee of App Fuels Creditor Trust. The Plaintiff or Trustee filed an eight count complaint based on federal and state law seeking avoidance and recovery for a number of fraudulent and preferential transfers alleged to occur in 2008 and 2009.

The undisputed facts in this proceeding are minimal.[2]

The materials of record establish an absence of dispute as to the following:

− Bingham Greenebaum provided legal services for co-defendant Paonia Resources LLC.

− Paonia gave notice of its intent to exercise an option to purchase mining assets of Bowie Resources, LLC on September 19, 2008.

− Bowie filed litigation is state court seeking a temporary restraining order ("TRO").

− Paonia removed the Bowie TRO litigation to federal district court.

---

[1] The named defendant in this proceeding is Greenebaum Doll & McDonald PLLC. Effective January 2, 2012, Greenebaum Doll & McDonald PLLC merged with Bingham McHale LLP to form a new law firm known as Bingham Greenebaum Doll LLP. *See* Notice, Doc. 64. Pursuant to the Notice, all references to the defendant in this Opinion are to Bingham Greenebaum.

[2] The parties have not filed stipulations of fact as are typically required later in proceedings pending before this court.

- Bingham Greenebaum represented Paonia in the TRO litigation.

- Bingham Greenebaum participated in drafting a settlement agreement resolving the TRO litigation.

- The settlement agreement documented the resolution of the disputes in the TRO litigation.

- The settlement agreement, effective as of December 19, 2008, was signed by Paonia, Energy Coal Resources, Inc., Colorado Holding Company, Bowie, and Larry Addington.

- The settlement agreement required Energy Coal and Colorado Holding to pay Paonia, or cause Bowie to pay Paonia, $4,740,220.

- The settlement agreement required payment to Paonia on or before December 23, 2008.

- Funds were paid to Paonia pursuant to the settlement agreement between December 22 and 24, 2008 (the "Transfer").

- Appalachian Fuels was not a party to the settlement agreement.

- Bingham Greenebaum attorneys working on Paonia matters included Andrew M. Fleischman, Margaret Miller and Janet Jakubowicz.

- On December 29, 2008, Bingham Greenebaum received a check from Sentinel Energy for $223,000 related to work performed for Paonia.

The $223,000 fee payment is the subject of Trustee's recovery claim against Bingham Greenebaum.

For the reasons that follow, the motion for summary judgment shall be denied.

In ruling on a motion for summary judgment, entry of a summary decision is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. BANKR. P. 7056(c)(2). The initial burden of persuasion is with the movant, however, the opposing party cannot defeat the motion without presenting some affirmative evidence showing there is a genuine issue of material fact. *Steelvest, Inc. v. Scansteel Serv. Ctr, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). Further, a summary decision is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Novak v. MetroHealth Medical Ctr*, 503 F.3d 572, 577 (6th Cir. 2007).

For purposes of this motion only, the parties: (1) assume the Transfer at issue was a fraudulent transfer and subject to avoidance and recovery; (2) agree Bingham Greenebaum, as a mediate transferee, has the burden[3] of showing the good faith transferee defense – taking for value, in good faith and without knowledge – applies under the facts of this adversary proceeding; and (3) do not dispute the value and good faith relating to the December 29, 2008, fee payment to Bingham Greenebaum.

Accordingly, the sole matters considered in deciding this motion for summary judgment are whether genuine disputes of material fact exist as to whether the receipt of the fee payment was without knowledge of the voidability of the Transfer and whether Bingham Greenebaum is entitled to judgment as a matter of law.

In the Sixth Circuit the requirement of "'knowledge' is satisfied if the transferee 'knew facts that would lead a reasonable person to believe that the property transferred was recoverable.'" *In re Jackson*, 436 B.R. 29, 34 (E.D. Mich. 2010) (citing *IRS v. Nordic Village, Inc. (In re Nordic Village, Inc.)*, 915 F.2d 1049, 1055 (6th Cir. 1990), *rev'd on other grounds sub nom., U.S. v. Nordic Village, Inc.*, 503 U.S. 30 (1992)). The issue is whether the facts known to the transferee and the reasonable inferences drawn from the facts would affirmatively suggest to a reasonable person in the transferee's position that the transferee was receiving assets from a fraudulent transfer. If there is no knowledge of such facts, the transferee need not start her own investigation. *Id.*

To assert the good faith transferee defense, a defendant must show it took the payment transfer for value, in good faith and without knowledge of the voidability of the transfer avoided.

---

[3] *See IRS v. Nordic Village, Inc. (In re Nordic Village, Inc.)*, 915 F.2d 1049, 1055 (6th Cir. 1990) (burden of establishing § 550(b) defense is on transferee), *rev'd on other grounds sub nom. U.S. v. Nordic Village, Inc.*, 503 U.S. 30 (1992); *but see In re Medical Cost Mgmt., Inc.*, 115 B.R. 406, 409 (Bankr. D. Conn. 1990) (plaintiff has burden of proving transferee did not take for value, in good faith and had knowledge of voidability of transfer avoided).

3

11 U.S.C. § 550(b)(1). Per the agreement of the parties, Bingham Greenebaum must show its receipt of the December 29, 2008, fee payment was without knowledge of the voidability of the Transfer. The burden requires Bingham Greenebaum to support the summary judgment motion with credible evidence entitling the law firm to a directed verdict if the evidence was not controverted at trial. If Bingham Greenebaum meets the burden, Trustee must then present evidence demonstrating a genuine issue of fact.

Attached to the memorandum filed in support of the summary judgment motion as Exhibit D, Bingham Greenebaum submits the affidavit of its former member Andrew M. Fleischman. Attached to the response filed by the Trustee, Doc. 68, and the reply filed by Bingham Greenebaum, are a number of excerpts from Fleischman's November 2, 2011, deposition. The parties also attach email messages and documents filed in the TRO litigation in support of their respective positions.

The Fleischman affidavit and deposition testimony state Fleischman had no knowledge the settlement payment originated with Appalachian Fuels or that the fees ultimately paid to Bingham Greenebaum were part of the Transfer. Appalachian Fuels was not a party to the settlement agreement or the TRO litigation Fleischman worked on. The settlement agreement drafted with the assistance of Fleischman provided Energy Coal, Colorado Holding or Bowie would make the settlement payment which is now the subject Transfer. According to Fleischman's testimony, he was aware of corporate relationships between Bowie, Colorado Holding, Energy Coal, and later, Appalachian Fuels. Fleischman's awareness did not extend to knowing how funds were transferred between the related entities, the reasons for transfers, or whether the related entities provided value in exchange for the transferred funds. Similarly, Fleischman knew John Siegel, as owner of Paonia and Sentinel Energy, had independent funding sources and Sentinel Energy had previously paid legal bills for Paonia.

The Trustee disputes the asserted lack of knowledge and argues Bingham Greenebaum received the fee payment while having both actual and constructive knowledge of the voidability

of the Transfer. The weight of Trustee's arguments is not considered in this opinion.

While Bingham Greenebaum meets its burden as to Andrew Fleischman, it fails to meet its burden for the named party, the law firm. The parties do not dispute attorneys other than Fleischman worked on Paonia matters. The materials of record, however, focus on the lack of knowledge of the voidability of the Transfer possessed by Fleischman. The materials of record do not meet the burden with respect to the entire law firm.

For the foregoing reasons, Bingham Greenebaum's motion for summary judgment shall be DENIED. A separate order shall be entered accordingly.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Thursday, March 01, 2012
(jms)**