**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| APPALACHIAN FUELS, LLC, *et al.*  ) | ) | Case No. 09-10343 |
| | ) | Chapter 11 |
| DEBTORS | ) | |
| | ) | |
| | ) | |
| THE LIQUIDATING TRUSTEE OF | ) | Adv. Pro. 11-1003 |
| APP FUELS CREDITORS TRUST | ) | |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | |
| | ) | |
| BOWIE RESOURCES, LLC, *et al.* | ) | |
| | ) | |
| DEFENDANTS | ) | |

**MEMORANDUM OPINION**

The issue presented in the Bingham Greenebaum Doll LLP[1] renewed motion for summary judgment (Doc. 73) is whether the defense of a good faith transferee is a complete bar to liability for the causes of action alleged by The Liquidating Trustee of App Fuels Creditor Trust.

**Background**

The eight count complaint in this proceeding is based on federal and state law and seeks avoidance and recovery for a number of fraudulent and preferential transfers alleged to have occurred in 2008 and 2009. The complaint includes an allegation that certain defendants other than Bingham Greenebaum received a fraudulent transfer of $4,740,220 ("Settlement Transfer"). Of this amount, Plaintiff seeks recovery of a $223,000 payment made by Defendant Sentinel Energy, LLC to Bingham Greenebaum for legal fees ("Greenebaum Payment").

---

[1] Plaintiff originally named Greenebaum Doll & McDonald PLLC as a defendant. Effective January 2, 2012, Greenebaum Doll & McDonald PLLC merged with Bingham McHale LLP to form a new law firm known as Bingham Greenebaum Doll LLP. *See* Notice, Doc. 64.

Recovery is sought from Bingham Greenebaum as a mediate transferee of a portion of the Settlement Transfer.

Bingham Greenebaum's original summary judgment request was denied an opinion and order entered on March 3, 2012.  (Doc. 71 and 72, respectively).  Bingham Greenebaum filed a renewed motion and supporting memoranda, again raising the issue of whether the defense of a good faith transferee is a complete bar to liability for the causes of action alleged by the Liquidating Trustee.

The Court conducted a hearing on April 30, 2012, and has considered the arguments of counsel and the full record in this case.

The record establishs an absence of dispute as to the following facts:

- Bingham Greenebaum provided legal services for co-defendant Paonia Resources, LLC.

- Paonia gave notice of its intent to exercise an option to purchase mining assets of Bowie Resources, LLC on September 19, 2008.

- Bowie filed litigation in state court seeking a temporary restraining order ("TRO").

- Paonia removed the Bowie TRO litigation to federal district court.

- Bingham Greenebaum represented Paonia in the TRO litigation.

- Bingham Greenebaum participated in drafting a settlement agreement resolving the TRO litigation.

- The settlement agreement documented the resolution of the disputes in the TRO litigation.

- The settlement agreement, effective as of December 19, 2008, was signed by Paonia, Energy Coal Resources, Inc., Colorado Holding Company, Bowie, and Larry Addington.

- Funds were paid to Paonia pursuant to the settlement agreement between December 22 and 24, 2008.

- Appalachian Fuels was not a party to the settlement agreement.

- Bingham Greenebaum attorneys working on Paonia matters included Andrew M. Fleischman, Margaret A. Miller and Janet P. Jakubowicz.

- On December 29, 2008, Bingham Greenebaum received a check from Sentinel Energy for $223,000 related to work performed for Paonia.

For the reasons that follow, the motion for summary judgment shall be granted.

**Legal Standard**

In ruling on a motion for summary judgment, entry of a summary decision is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits, show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. BANKR. P. 7056(c)(2). The initial burden of persuasion is with the movant; however, the opposing party cannot defeat the motion without presenting some affirmative evidence showing there is a genuine issue of material fact. *Steelvest, Inc. v. Scansteel Serv. Ctr, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). Further, a summary decision is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Medical Ctr*, 503 F.3d 572, 577 (6th Cir. 2007).

The burden requires Bingham Greenebaum to support its motion with credible evidence entitling the law firm to a directed verdict if the evidence was not controverted at trial. If Bingham Greenebaum meets this burden, the Liquidating Trustee must then present evidence demonstrating a genuine issue of fact. To survive summary judgment, the Liquidating Trustee must refute movant's evidence with more than a "mere scintilla of evidence," *i.e.*, evidence that is more than merely colorable or insignificantly probative, demonstrating a genuine issue of material fact for trial and must establish more than a "metaphysical doubt" regarding those facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Bingham Greenebaum previously submitted the affidavit of its former member Andrew Fleischman ("Fleischman Aff.") and supplemented this current motion with affidavits from Bingham Greenebaum member Janet P. Jakubowicz ("Jakubowicz Aff.") and of counsel attorney Margaret A. Miller ("Miller Aff.").

The Liquidating Trustee relies primarily on three email messages ("Legal Counsel Email Messages"): (i) a message dated September 16, 2008, from defendant John Siegel[2] to Stephen Addington, with a carbon copy to Andrew Fleischman,[3] which transmits a September 15, 2008, message from Addington to Siegel (Doc 76, Ex. C); (ii) a completely redacted message dated October 20, 2008, from Siegel to Margaret Miller and Janet Jakubowicz which included a forward of the September 15, 2008, message (Doc 76, Ex. B); and (iii) a message dated December 22, 2008, sent from Siegel to Addington, with a carbon copy to Fleischman (Doc 76, Ex. A).

The Liquidating Trustee also relies on certain allegations in pleadings and papers filed in the TRO litigation regarding the financial condition of Energy Coal Resources, Colorado Holding Company, Bowie Resources, and related entities, including the Debtor. The Liquidating Trustee and Bingham Greenebaum do not dispute the existence of the Legal Counsel Email Messages or the allegations in the pleadings and papers in the TRO litigation.

**Section 550(b) Defense**

Section 550(a) of the Bankruptcy Code allows a trustee to recover the value of an avoided transfer from the immediate or any mediate transferee. 11 U.S.C. § 550(a); *In re Nordic Village, Inc.*, 915 F.2d 1049, 1055 (6th Cir. 1990), *rev'd on other grounds by United States v. Nordic Village*, 503 U.S. 30, 39 (1992).

Section 550(b) offers a defense to a transferee and provides:

The trustee may not recover under section (a)(2) of this section from –

    (1)    a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

    (2)    any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550(b).

---

[2] Mr. Siegel used email address JJSMegawatt@aol.com.
[3] Message was also copied to other individuals not relevant to this motion.

The parties agreed, for purposes of the summary judgment motions only, the Court should assume the Settlement Transfer was a fraudulent transfer subject to avoidance and recovery and Bingham Greenebaum, as a mediate transferee, has the burden[4] of showing the good faith transferee defense applies.  Additionally, the Liquidating Trustee does not dispute the value and good faith prongs relating to the Settlement Transfer.

Accordingly, the sole matters considered in deciding this motion for summary judgment are whether genuine disputes of material fact exist as to whether the receipt of the Greenebaum Payment was without knowledge of the voidability of the Settlement Transfer and whether Bingham Greenebaum is entitled to judgment as a matter of law.

**Bingham Greenebaum did not have Knowledge of the Voidability of the Settlement Transfer**

The Liquidating Trustee states "the sole issue in the Renewed Motion, like the Original Motion, is whether [Bingham] Greenebaum had knowledge of the voidability of the Settlement Transfer."  (Doc. 76, p. 11).

<u>Bingham Greenebaum Attorneys Did Not Have Constructive Knowledge of the Potential Voidability of the Settlement Transfer</u>

In the Sixth Circuit the requirement of knowledge is "satisfied if the transferee 'knew facts that would lead a reasonable person to believe that the property transferred was recoverable.'"  *In re Jackson*, 436 B.R. 29, 34 (E.D. Mich. 2010) (citing *In re Nordic Village*).  The issue is whether the facts known to the transferee and the reasonable inferences drawn from the facts would affirmatively suggest to a reasonable person in the transferee's position that the transferee was receiving assets from a fraudulent transfer.  If there is no knowledge of

---

[4] *In re Nordic Village, Inc.*, 915 F.2d at 1055, *rev'd on other grounds sub nom. U.S. v. Nordic Village, Inc.*, 503 U.S. 30 (1992) (burden of establishing § 550(b) defense is on transferee); *but see In re Medical Cost Mgmt., Inc.*, 115 B.R. 406, 409 (Bankr. D. Conn. 1990) (plaintiff has burden of proving transferee did not take for value, in good faith and had knowledge of voidability of transfer avoided).

5

such facts, the transferee need not start his own investigation. *Id* citing *Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890, 898 (7th Cir. 1988).

Fleischman's affidavit and deposition testimony state Fleischman had no knowledge the settlement payment originated with Appalachian Fuels or that the fees paid to Bingham Greenebaum were part of the Settlement Transfer. Appalachian Fuels was not a party to the settlement agreement or the TRO litigation on which Fleischman worked. The settlement agreement, drafted with the assistance of Fleischman, provided Energy Coal Resources, Colorado Holding Company or Bowie Resources would make the settlement payment; not Appalachian Fuels. According to Fleischman's testimony, he was aware of corporate relationships between Energy Coal Resources, Colorado Holding Company and Bowie Resources, and later he became aware of relationships with Appalachian Fuels. Fleischman's awareness did not extend to knowing how funds were transferred between the related entities, the reasons for transfers, or whether the related entities provided value in exchange for the transferred funds. Similarly, Fleischman knew John Siegel, as owner of Paonia and Sentinel, had independent funding sources to pay obligations, as did Sentinel. Further, Fleischman knew Sentinel had previously paid legal bills for Paonia.

The affidavits of Jakubowicz and Miller support Fleischman's testimony. Neither Jakubowicz nor Miller participated in settlement discussions, billing matters, the Settlement Transfer or the Greenebaum Payment. (Doc. 73, Ex. F, Jakubowicz Aff., ¶¶ 7-9; Doc. 73, Ex. G, Miller Aff., ¶¶ 7-10). Further, the affidavits make clear no other person working on the TRO litigation with Jakubowicz or Miller (other than Fleischman) could have or should have known any details of the Settlement Transfer or Greenebaum Payment. *Id.* This conclusion is further supported by the affidavit of C.R. Bowles, a bankruptcy attorney at Bingham Greenebaum, who also performed work on the matter. (Doc. 73, Ex. H).

The Liquidating Trustee disputes the asserted lack of knowledge and argues, even if Fleischman did not have actual knowledge of the voidability of the Settlement Transfer,

Bingham Greenebaum received the fee payment while having constructive knowledge. The Liquidating Trustee supports these arguments by reference to the Legal Counsel Email Messages. Two of the three Legal Counsel Email Messages were sent three or more months before the Settlement Transfer occurred and only one message involved Jakubowicz and Miller.

Jakubowicz and Miller each testified they never knew the details surrounding the Settlement Transfer. (Doc. 73, Ex. F, ¶ 7; Doc. 73, Ex. G, ¶ 10). Jakubowicz was no longer involved in the matter at the time of the payment and Miller was not involved in any settlement discussions. Further, neither attorney dealt with billing matters for the client. (Doc. 73, Ex. F, ¶ 9; Doc. 73, Ex. G, ¶¶ 9-10).

The December 22, 2008, email message is also insufficient to impute constructive knowledge. One of the messages in the forwarded email string makes reference to a wire from "Noble" to Appalachian Fuels. Fleischman testified he did not have concern with the forwarded message. (Doc. 76, Ex. A). Fleischman's knowledge of a relationship between Appalachian Fuels and the parties to the settlement agreement does not create a duty to investigate where Fleischman had no knowledge of how funds were transferred between the related entities, the reasons for the transfers, or whether the related entities provided value in exchange for the transferred funds. There could be a number of legitimate scenarios under which Appalachian Fuels would transfer funds to related entities. While the Legal Counsel Email Messages show exchanges on which Bingham Greenebaum attorneys were copied, the Liquidating Trustee has not presented affirmative evidence connecting the dots and demonstrating the attorneys had reason to suspect the Settlement Transfer was a voidable transfer.

The Liquidating Trustee also suggests certain allegations in the pleadings and papers filed in the TRO litigation were sufficient to find Bingham Greenebaum should have known about the fraudulent and avoidable nature of the Settlement Transfer. The outcome of the TRO litigation contradicts the Liquidating Trustee's position. The request for an injunction, made by Bingham Greenebaum's client and based on the financial condition of Energy Coal Resources,

Colorado Holding Company or Bowie Resources, was denied by Judge Bunning in part because there was insufficient proof of the unstable financial position of the related entities. The parties engaged in little discovery thereafter. (Doc. 73, Ex. G, ¶ 6). Bingham Greenebaum was unsuccessful in convincing Judge Bunning, who thought the possibility of insolvency was too remote, that the parties to the TRO litigation had financial issues. (Doc. 78, Ex. A; *Energy Coal Resources, Inc., et al. v. Paonia Resources, LLC,* CV 08-117 (E.D. Ky.), October 8, 2008 Transcript of Telephone Conference before David L. Bunning, United States District Court Judge, pp. 26-27).

More compelling from the TRO litigation is a statement of the attorney for Energy Coal Resources, Colorado Holding Company and Bowie Resources. Counsel represented to Judge Bunning that the "plaintiffs are prepared to [pay a $14 million damages award] at whatever time the Court makes that decision." (Doc. 78, Ex. A, pp. 16-17).

The TRO litigation was an expedited matter in which the parties not represented by Bingham Greenebaum prevailed by convincing Judge Bunning there was insufficient information to show a financial problem among the very group of companies the Liquidating Trustee now asserts includes this Debtor. The statement of counsel made after the Bingham Greenebaum pleadings and papers were filed, and adopted by Judge Bunning, strongly refutes the Liquidating Trustee's assertion any attorney at Bingham Greenebaum should have known of the avoidable nature of the Settlement Transfer.

<u>Bingham Greenebaum Attorneys Did Not Have Actual Knowledge of the Potential Voidability of the Settlement Transfer</u>

The Liquidating Trustee has characterized the issue before the Court as one of constructive notice. For avoidance of doubt, the Court finds sufficient evidence to conclude Bingham Greenebaum had neither constructive knowledge nor actual knowledge of the potential voidability of the Settlement Transfer.

Case 11-01003-thf    Doc 81    Filed 05/21/12    Entered 05/21/12 16:25:53    Desc Main
Document      Page 9 of 9

The affidavits of attorneys Jakubowicz, Miller and Fleischman confirm they are the only parties at Bingham Greenebaum with reason to have discovered any potential voidability of the Settlement Transfer. The Liquidating Trustee has presented no affirmative evidence providing sufficient proof a reasonable person in the position of the Bingham Greenebaum attorneys working on the Paonia matter would have actually or constructively known the Settlement Transfer was recoverable. Therefore, the Court finds Bingham Greenebaum had no actual knowledge of the voidability of the Settlement Transfer.

**Conclusion**

For the foregoing reasons, Bingham Greenebaum's renewed motion for summary judgment shall be GRANTED. A separate order shall be entered accordingly.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Monday, May 21, 2012**
(jms)